14-4535-cv
LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand fifteen.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

-------------------------------------------------------------------------

LJL 33rd Street Associates, LLC,

*Plaintiff-Counter-*
*Defendant-Appellant,*

v.                                                                    No. 14-4535-cv

Pitcairn Properties Inc.,

*Defendant-Counter-*
*Claimant-Appellee.*

----------------------------------------------------------------------------------

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:                    ERIC F. CITRON, Goldstein & Russell,
P.C., Bethesda, MD; Theodore S.

Steingut, Law Office of Theodore Seth Steingut, New York, NY.

FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLEE: MICHAEL K. CORAN (Diana L. Eisner, *on the brief*), Klehr Harrison Harvey Branzburg LLP, Philadelphia, PA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

LJL 33rd Street Associates, LLC ("LJL") appeals from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.) determining the purchase price of the property interest of Pitcairn Properties Inc. ("Pitcairn") in a high-rise luxury residential building. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

In November 2010 LJL exercised its contractual option to purchase Pitcairn's ownership stake in the limited liability company (the "Company") that owns the building. After arbitration and substantial litigation,[1] LJL and Pitcairn disputed the

---

[1] See LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc., 725 F.3d 184 (2d Cir. 2013), cert. denied, 134 S. Ct. 2289 (2014).

calculation of the purchase price LJL must pay for Pitcairn's share of the Company pursuant to the operating agreement between the parties. Based on our review of the operating agreement, we disagree with the District Court's resolution of one issue: whether Pitcairn's proportionate share of New York's real estate transfer tax should have been deducted from the calculation of the purchase price under section 6.12(c)(i) of the agreement.

Section 6.12(c)(i) operates purely as a pricing mechanism. It defines the purchase price as the "cash consideration" that Pitcairn would receive if the Company were sold by LJL and Pitcairn to a third party. In other words, setting the price for the actual sale of Pitcairn's share of the Company to LJL requires a calculation of the net proceeds of a hypothetical sale of the entire Company. Because it is undisputed that New York would have imposed a real estate transfer tax of 3.025 percent on the gross proceeds of such a hypothetical sale, we conclude that in calculating the purchase price the District Court should have deducted the amount of that tax apportioned to Pitcairn. We see nothing to the contrary in section 6.12(c)(iii)(C) of the operating agreement, which concerns liability for any taxes owed on the actual, completed sale of Pitcairn's 49.99 percent share of the Company, after the purchase price has been established. We therefore vacate the judgment in part and remand to the District Court with instructions

to recalculate the purchase price by deducting the amount of the applicable proportionate New York real estate transfer tax.

LJL also challenges the District Court's interpretation, on summary judgment, of the Buy/Sell Transfer Date (defined in section 6.12(c)(iii) of the operating agreement) as unambiguously referring to the closing date. Assuming without deciding that the definition of the Buy/Sell Transfer Date is ambiguous, we affirm the District Court's interpretation of that term as a reasonable construction of the operating agreement, which the District Court reaffirmed following a three-day trial relating to the agreement and the purchase price.

The judgment is otherwise affirmed substantially for the reasons set forth in the District Court's opinion dated August 18, 2014.

We have considered all of LJL's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part for recalculation of the purchase price consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court